## Case No. 829.

### BALTIMORE & O. R. CO. v. SUPERVISORS.

Circuit Court, D. West Virginia. June, 1870.

[Cited in County Court v. Baltimore & O. R. Co., 35 Fed. 164, and Baltimore & O. R. Co. v. Ford, Id. 171. Nowhere reported; no written opinion filed.]

## Case No. 830.

### BALTIMORE & O. R. CO. v. VAN NESS et al.

[4 Cranch, C. C. 595.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

EMINENT DOMAIN—PROCEDURE—CONSTRUCTION OF STATUTES—AMENDMENTS—MISRECITAL OF DATE OF PRIOR ACT.

1. The time, to extend and construct the Baltimore and Ohio Railroad into and within the District of Columbia, given by the act of congress of March 2, 1831, c. 84, [4 Stat. 476, c. 85,] was extended by the act of February 26, 1834, c. 11, [4 Stat. 672,] to another period of four years.

2. The act of March 3, 1835, c. 38, [4 Stat. 757,] is not void because its title misrecites the date of the act to which it is supplementary; nor is it confined to the mere construction of the road; but gives authority also to condemn land for the use of the company; nor is it void because its title purports it to be an act supplementary to an act which expired by its own limitation; it being revived by a subsequent act.

3. If the act of 1831 expired by the limitation contained in its 5th· section, it was revived by the act of February 26, 1834.

4. It is not necessary that the jury should be sworn on the lot to be condemned. It is sufficient that they meet on the lot. They may be sworn on another lot.

5. Notice, on the 27th of April, that the jury would meet on the land, on the 1st of May, to take the inquisition, is sufficient.

6. The railroad is a road for public use, and land may be taken therefor, upon just compensation being made.

Several inquisitions were taken, upon several warrants issued by a justice of the peace for the county of Washington, against D. Carroll, John A. Wilson, D. A. Hall, and Moses Tabbs and others, under the act of congress of March 3, 1835, c. 38, (4 stat. 757,) entitled "An act supplementary to an act entitled 'an act to authorize the extension, construction, and use of a lateral branch of the Baltimore and Ohio Railroad into and within the District of Columbia,' passed December, 1829." The act alluded to was not passed in December, 1829, but on the 2d of March, 1831, c. 84, [4 Stat. 476, c. 85.] These inquisitions being returned to the clerk's office by the marshal,

Mr. R. S. Coxe, for the defendants, moved the court to set them aside, for the following reasons:

1. Because there is no authority given by

¹ [Reported by Hon. William Cranch, Chief Judge.]

any act of the congress of the United States to warrant the said proceedings.

2. Because the said proceedings are wholly irregular and unauthorized by any law.

3. Because the jury did not estimate the comparative advantages and disadvantages of the contemplated railroad; but, in estimating the same, proceeded upon unfair and unequal principles.

4. Because the jury heard illegal evidence.

5. Because there was no lawful oath administered to the witnesses.

6. Because there has been no proper or lawful return of the said proceedings.

7. Because there was no legal or sufficient notice to the owners of the property through which the said road is laid.

Mr. Coxe contended that the act of March 3, 1835, [4 Stat. 757, c. 38,] was void, because its title referred to an act passed in December, 1829, when no such act existed; and that if it was not void, still it did not give any right to condemn land for the road; it only gives authority to locate and construct the road, but these powers do not imply a power to condemn the land. It refers to the act of 1831, which had expired by its own limitation, because the road was not commenced within a year after passing the act. If it was revived by the act of February 26, 1834, c. 11, the act of 1835 should have been supplementary to the act of 1834, and not to the expired act of 1831.

He contended, also, that the jury should have been sworn on the land, whereas the jury were sworn in all the cases, upon the land of Mr. Wilson only. That the act of 1831 only provides for the mode of proceedings by the marshal and jury; not as to any ulterior proceedings, or the return, or the jurisdiction of this court.

Mr. J. Dunlop, contra. The acts of 1831, 1834, and 1835 give the power to condemn the land, and refer to the Maryland charter of 1827, which requires the inquisition to be returned to the clerk, by whom it is to be filed in court, and it is to be affirmed, unless set aside by the court; and if set aside, a new inquisition is to be taken. There can be no doubt of the jurisdiction of the court.

The notices were all served on or before the 27th of April, and the jury was summoned for the 1st of May. There is no irregularity in the proceedings. There is no evidence that the jury estimated the comparative advantages and disadvantages; or that they proceeded upon unfair or unequal principles; nor that they received illegal evidence; nor in what manner the jurors were sworn. No error is shown in the return of the inquisitions.

Mr. Coxe, in reply, contended that the railroad is not a common highway. It is the exclusive right of the railroad company; and private property cannot be taken for private use. If it be doubtful whether congress has authorized the taking of private property,